Gary A. Nye (SBN 126104)
gan@rpnalaw.com
Muhammed T. Hussain (SBN 259234)
mth@rpnalaw.com
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:  (818) 992-9991

Attorneys for Defendant DMCG, INC.,
dba BAIL HOTLINE BAIL BONDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ABEYTA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DMCG, INC., dba BAIL HOTLINE BAIL BONDS, a California corporation, <br><br> Defendants. | CASE NO. <br><br> **DEFENDANT DMCG, INC., dba BAIL HOTLINE BAIL BONDS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(d) [CLASS ACTION FAIRNESS ACT]** <br><br> Cal. Superior Court, County of Alameda (Case No. 22CV018996) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453(b), Defendant DMCG, Inc., dba Bail Hotline Bail Bonds ("Defendant") hereby removes an action originally filed in the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California. The reasons for removal are set forth herein.

**I.   PROCEDURAL HISTORY**

1.   On October 3, 2022, Plaintiff Robert Abeyta filed a class action complaint (the "Complaint") in the Superior Court of California for the County of Alameda. The case bears the caption: *Robert Abeyta v. DMCG, Inc., dba Bail Hotline Bail Bonds*, Case No. 22CV018996. A

true and correct copy of the docket of the state court action is attached as **Exhibit 1**. A copy of the Complaint is attached as **Exhibit 2**.

2. In the Complaint, Plaintiff alleges that Defendant failed to provide a notice allegedly required by California Civil Code § 1799.91 to Plaintiff Robert Abeyta and members of the proposed class before asking them to co-sign a bail bond credit agreement in connection with bail bond transactions. See Ex. 2, Compl. ¶ 28. The putative class is defined as follows:

> All people who cosigned a bail bond credit agreement from DMCG, Inc. or its subsidiaries or affiliates, which did not include the notice described in California Civil Code Section 1799.91 prior to signing, and who (1) owed, were asked to make, or made a payment on or after October 3, 2018; and (2) were not a spouse of the person who received release services under the arrangement at the time of consigning.

(Id. at ¶ 28.)

3. Plaintiff served Defendant on October 13, 2022. A copy of the Summons is attached hereto as **Exhibit 3**; Proof of Service of Summon is attached hereto as **Exhibit 4**.

## II. REMOVAL IS TIMELY

4. This notice of removal is timely filed pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is filed within thirty days after service of the Complaint and summons on Defendant, which occurred on October 13, 2022.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly filing a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Alameda and serving Plaintiff with the same.

## III. SUBJECT MATTER JURISDICTION EXISTS

6. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2). The action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

7. A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d)(2). The CAFA requirements are satisfied

in this case.

**The Proposed Class Exceeds 100 Members**

8. The Complaint's allegations satisfy the first requirement for removal under CAFA because the putative class allegedly "includes thousands of people." Ex. 2, Compl. ¶ 29.

9. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, if the allegations in the complaint are accepted as true, there are more than 100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint, Inc.*, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

**The Amount in Controversy Exceeds $5 Million**

10. The Complaint's allegations satisfy the second requirement for removal under CAFA. To meet the amount in controversy threshold, a notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). A court may consider various forms of relief sought in the complaint to determine the amount in controversy. See also *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes") (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

11. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

12. Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted).

13. Given the alleged class size of "thousands of people," (Ex. 2, Compl. ¶ 29), calculation of the amount in controversy per putative class member that will suffice to meet the amount in controversy requirement is straightforward. For a class of 1,042 individuals, an amount greater than $4,500 per putative class member will suffice for the total amount in controversy to exceed $5 million. As the size of the putative class increases, the minimum amount per putative class member that suffices to meet $5 million decreases.

14. Here, Plaintiff seeks on behalf of himself and a putative class "restitution in the form of refunds of the amounts unlawfully collected, and the disgorgement of Defendant's ill-gotten profits, not exceeding their out-of-pocket losses." Ex. 2, Compl. ¶ 42. Plaintiff alleges that he "made a one-time "down payment" of $4,500 on August 1, 2021" (Id. ¶ 15) and that he made further payments of $300. Id. at ¶ 21. That amount is more than the minimum amount per putative class member sufficient to exceed the $5 million amount for a class of 1,042 individuals.

15. Additionally, Plaintiff also seeks on behalf of himself and a putative class, attorney's fees, pre- and post-judgment interest, and "all forms of relief provided for under the UCL." Ex. 2, Compl., Prayer for Relief. These fees and the interest sought are potentially significant for a putative class of thousands of people.

16. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d)(2).

**There is Minimal Diversity**

17. The Complaint's allegations satisfy the third requirement for removal under CAFA because at least one member of the putative class, as defined by the Complaint, "is a citizen of a State different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A). Defendant is a citizen of

California because it is incorporated in and has its principal place of business in California. See 28 U.S.C. § 1332(c)(1); (Ex. 2, Compl. ¶ 2). The proposed class is not limited to California citizens and thus does not exclude citizens of other states. See *Kastler v. Oh My Green, Inc.*, 2019 WL 5536198, at *3 (N.D. Cal. Oct. 25, 2019) ("Plaintiff's Complaint did not limit proposed class members to residents of California, so Defendant meets the minimal diversity requirement."). Based on an initial review of its records, Defendant also believes that at least one individual of the putative class that may have a permanent address outside of California. Thus, the minimal diversity requirement under CAFA is met.

### IV. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER

18. Removal to this judicial district is proper because this district includes the County of Alameda, where the action is currently pending. See 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Removal to this division is proper because this division includes the County of Alameda. See N.D. Cal. L.R. 3-2(d).

### V. CONCLUSION

19. Based on the foregoing, Defendant removes the civil action filed in the Superior Court of California for the County of Alameda, to the United States District Court for the Northern District of California.

20. Defendant reserves the right to amend and/or supplement this Notice of Removal.

DATE: November 11, 2022                    ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

BY: */s/ Gary S. Nye*
      GARY A. NYE
      MUHAMMED T. HUSSAIN
      Attorneys for Defendant